STANLEY GOFF (Bar No. 289564)
LAW OFFICE OF STANLEY GOFF
15 Boardman Place Suite 2
San Francisco, CA 94103
Telephone: (415) 571-9570
Email: scraiggoff@aol.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LETITIA TUGGLE AND LETITIA TUGGLE AS REPRESENTATIVE OF THE ESTATE OF QUINNTIN CASTRO; ROSA CUEVAS; CAMERON WARE<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF TULARE; POLICE CHIEF MAT MACHADO; AND DOES 1-25;<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Violation of Decedent's Fourth Amendment Rights 42 U.S.C §1983 (Excessive Force and *Monell*);<br>2. Violation of Plaintiff's Fourteenth Amendment Rights, 42 U.S. §1983 (Familial Relations and *Monell*);<br>3. Wrongful Death/Negligence;<br>4. Battery<br>5. Bane Act Violation<br>6. Negligence<br><br>**DEMAND FOR JURY TRIAL** |

1

Plaintiffs, demanding a jury trial, bring this action against Defendants CITY OF TULARE, POLICE CHIEF MAT MACHADO, and DOES 1-25, inclusive, for general, consequential, compensatory, punitive and statutory damages, costs and attorneys' fees resulting from defendants' unconstitutional and tortious conduct, and as grounds therefore allege as follows:

## I. PARTIES

1. Plaintiff Letitia M. Tuggle, is the Representative of the Estate of Decedent, Quinntin Andrew Castro, her son. As the Representative of the Decedent's estate, Plaintiff is a person described in California Code of Civil Procedure §377.60 as a person who may bring a wrongful death action and who would be entitled to the property of the decedent. Furthermore, as the Representative of the Estate of the Decedent, Plaintiff is a person described in California Code of Civil Procedure §377.30 as a person who may bring a "survivor action" and would be entitled to the property of the decedent. At all times relevant to this complaint, Plaintiff has lived in the City of Tulare, which is located within the Eastern District of California.

2. Plaintiff ROSA CUEVAS is an individual who at all times relevant to this complaint, has lived in the City of Tulare, which is located within the Eastern District of California.

3. Plaintiff CAMERON WARE is an individual who at all times relevant to this complaint, has lived in the City of Tulare, which is located within the Eastern District of California.

4. Defendant CITY OF TULARE is a legal entity established under the laws of the state of California with all the powers specified and necessarily implied by the Constitution and laws of the State of California. CITY OF TULARE is a municipality located within the Eastern District of California.

5. Defendant POLICE CHIEF MAT MACHADO is an individual and was the police chief for the City of Tulare at all times relevant to this complaint. MACHADO, was at all times relevant to this complaint, employed as the Chief of Police and was acting under the color of law as it pertains to this complaint. MACHADO is being sued in his individual capacity.

6. Defendants Does 1-25 are defendants whose capacities are unknown to plaintiffs at this time but the complaint will be amended to name these individuals, when their true identities are ascertained. These individuals are all being sued in their individual capacities.

7. All defendants acted under the color of law as it pertains to this complaint.

## II. JURISDICTION AND VENUE

8. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988 and 12132 and the Fourth and Fourteenth Amendments to the United States Constitution, made applicable to Defendants through the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction over plaintiffs' claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a). This Court has further jurisdiction over plaintiffs' state law claims under 28 U.S.C. § 1367 as those claims form part of the same case and controversy under Article III of the United States Constitution.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred in the City of Tulare, which is located in this district.

### III. STATEMENT OF FACTS

10. On December 9, 2018, the decedent Quinntin Castro and Plaintiff Cameron Ware were riding in a vehicle owned by Plaintiff Rosa Cuevas in the City of Tulare. Rosa Cuavas allowed Quinntin Castro to drive and was seated in the front passenger seat with Cameron Ware seated in the back.

11. At or around 7 p.m. in the city limits of Tulare, Defendant Tulare officers tried to pull over the vehicle driven by Quinntin Castro. However, he did not pull over and the Defendant Tulare officers took chase.

12. The pursuit ended in rural Tulare County, west of Tulare city limits. Quinntin Castro eventually pulled to the side of a nearby rural road came to a complete stop, and the Decedent and the Plaintiffs all put their hands up in surrender.

13. There were four Defendant Tulare officers present when the vehicle driven by the Decedent came to a stop, including a K-9 officer and his partner.

14. While the Decedent and the Plaintiffs had their hands up in surrender, the officers opened fire, in which the Decedent and Plaintiff Rosa Cuevas were both struck by gun fire multiple times.

15. During the shooting by the police officers, an officer was shot with a non-life threatening injury and the K-9 was killed.

16. Due to the multiple gun shot wounds that the Decedent sustained, he passed away in an ambulance on his way to the hospital.

17. Due to the multiple gunshot wounds that Rosa Cuevas sustained, she was in critical condition for over eight weeks in the hospital, has undergone numerous surgeries and still suffers life-threatening conditions this present day as a result of the shooting.

18. Upon information and belief Matt Machado was the chief and final policymaker for the City of Tulare Police Department at the time of the incident in question. In that capacity, defendant Machado was responsible for implementing policies at the Tulare police department that have led to the lack of, or inadequacy, of training for Tulare officers in the use of force in the field and on how to effect an arrest of a suspect.

19. Plaintiffs Letitia Tuggle and Rosa Cuevas, filed timely government claims against defendants pursuant to California Government Code §910, et seq., for negligence, wrongful death, assault and battery, Bane Act Violation, Plaintiffs' claims were subsequently rejected by the City of Tulare.

## IV. CAUSES OF ACTION

### FIRST CLAIM

**(Violation of Fourth Amendment Rights 42 U.S.C §1983 (Excessive Force – Plaintiffs as to All Defendants)**

20. Plaintiffs incorporate herein by reference the preceding paragraphs of this complaint as fully set forth herein.

### *Decedent Quinntin Castro*

21. Plaintiff Letitia M. Tuggle, is the Representative of the Estate of Decedent, Quinntin Andrew Castro, her son, and accordingly has standing under Code of Civil Procedure section 377.30 to bring this claim.

22. All named Defendants, acting under color of law, used unreasonable and excessive force on December 9, 2018, by deliberately and intentionally opening fire on decedent, and ultimately killing decedent when, among other things, and at the time excessive force was used (i) decedent had not committed any crime; (ii) decedent was unarmed; (iii) decedent did not pose any threat to defendants, other officers or bystanders; (iv) defendants knew, or should have known, that other alternative methods were available to effectuate a seizure. Such actions were in conscious and reckless disregard of the risk of injury and death and under the circumstances there was no objectively reasonable basis for the defendants' actions.

### *Rosa Cuevas*

23. All named Defendants, acting under color of law, used unreasonable and excessive force on December 9, 2018, by deliberately and intentionally opening fire on Plaintiff, and ultimately shooting her several times, among other things, and at the time excessive force was used (i) Plaintiff had not committed any crime; (ii) Plaintiff was unarmed; (iii) Plaintiff did not pose any threat to defendants, other officers or bystanders; (iv) defendants knew, or should have known, that other alternative methods were available to effectuate a seizure. Such actions were in conscious and reckless disregard of the risk of injury and death and under the circumstances

there was no objectively reasonable basis for the defendants' actions.

**_Cameron Whare_**

24. All named Defendants, acting under color of law, used unreasonable and excessive force on December 9, 2018, by deliberately and intentionally opening fire on Plaintiff, and at the time excessive force was used (i) Plaintiff had not committed any crime; (ii) Plaintiff was unarmed; (iii) Plaintiff did not pose any threat to defendants, other officers or bystanders; (iv) defendants knew, or should have known, that other alternative methods were available to effectuate a seizure. Such actions were in conscious and reckless disregard of the risk of injury and death and under the circumstances there was no objectively reasonable basis for the defendants' actions.

25. Defendant City of Tulare deprived the Decedent and the Plaintiffs of their rights, privileges, and immunities secured by the United States Constitution by, among other things, not training, or inadequately training, its officers on how to deal with effecting an arrest. Defendant Tulare also has a widespread or longstanding custom and practice ratifying excessive force, which together with its lack of, or inadequate, training of its officers amounts to deliberate indifference towards the constitutional rights of individuals. Defendant Machado, in his capacity as Chief of Police and also as the final policymaker for the Tulare police department, was a moving force behind the above failure/inadequacy to train and custom and practice at the time of the incident in question.

26. As a direct result of the named DEFENDANT OFFICERS, Tulare, and Does 1-25's actions and inactions, decedent's as well as the Plaintiffs' constitutional rights were violated, resulting in decedent's death.

27. The conduct of the named Defendant officers and Does 1-25, as alleged, was intended to cause injury to Decedent and the Plaintiffs and was done in conscious disregard of their rights and safety and thus constitutes malice. Because the above acts were performed in a malicious, and/or oppressive manner, decedent and Plaintiffs are entitled to recover punitive damages from named Defendant Officers and Does 1-25 in an amount according to proof.

**SECOND CLAIM**
**(Violation of Plaintiff's Fourteenth Amendment Rights, 42 U.S. §1983 (Familial Relations) - As to All Defendants)**

28. Plaintiffs incorporate herein by reference the preceding paragraphs of this complaint as fully set forth herein.

29. Plaintiff Letitia Tuggle is Decedent's mother and therefore has a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including, but not limited to, the unwarranted state interference in her familial relationship with her son, Decedent Quinntin Castro.

30. Defendant officers and Does 1-25 deprived Plaintiff of her Fourteenth Amendment rights, and those rights and privileges and immunities secured by the Constitution and applied to the states through the Fourteenth Amendment by deliberately and intentionally opening fire on decedent, and ultimately killing decedent when, among other things, (i) decedent had not committed any crime; (ii) decedent was unarmed; (iii) decedent did not pose any threat to defendants, other officers or bystanders; (iv) defendants knew, or should have known, that other alternative methods were available to effectuate a seizure. Such actions were in conscious and reckless disregard of the risk of injury and death and under the circumstances there was no objectively reasonable basis for the defendants' actions. Such actions were outrageous and shock the conscience.

8

31. Additionally, Defendant Tulare deprived Plaintiff of her Fourteenth Amendment rights, and those rights and privileges and immunities secured by the Constitution and applied to the states through the Fourteenth Amendment by, among other things, not training, or inadequately training, its officers on how to effect an arrest.

32. Defendant Machado, in his capacity as Chief of Police, is a moving force behind the above failure/inadequacy to train and custom and practice.

33. The aforementioned actions of Defendants, while acting under color of state law, and without due process of law, violated the substantive due process rights of Plaintiff to be free from unwarranted interference with their familial relationship with Decedent.

### THIRD CLAIM
### (Wrongful Death – Negligence – As to All Defendants)

34. Plaintiff incorporates herein by reference the preceding paragraphs of this complaint as fully set forth herein.

35. Plaintiff Letitia Tuggle is a person described in California Code of Civil Procedure §377.60 as a person who may bring a wrongful death action and who would be entitled to the property of the Decedent and accordingly has standing under Code of Civil Procedure section 377.60 to bring this claim.

36. Defendants and DOES 1 – 25 inclusive, by and through their respective agents and employees, proximately caused the death of Decedent December 9, 2018 as a result of their negligent conduct and/or negligent failure to act as set-forth herein.

37. As an actual and proximate result of said defendants' negligence, and the death of Decedent, Plaintiffs have sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of their father, Decedent, in an amount according to proof at trial.

38. As a further actual and proximate result of said defendants' negligence, plaintiffs incurred funeral and burial expenses, in an amount according to proof at trial.

39. Pursuant to California C.C.P. Sections 377.60 and 377.61, Plaintiff has brought this action, and claim damages from said defendants for the wrongful death of Decedent and resulting injuries. Defendant City of Tulare is vicariously liable for the torts of its officers, who were acting within the scope of their employment with the City of Tulare at the time of the incident pursuant to California Government Code §815.2.

**FOURTH CLAIM**
**(Battery – As to All Defendants and DOES 1-25)**

40. Plaintiffs incorporate herein by reference the preceding paragraphs of this complaint as fully set forth herein.

***Decedent Quinntin Castro***

41. Plaintiff Letitia M. Tuggle, is the Representative of the Estate of Decedent, Quinntin Andrew Castro, her son, and accordingly has standing under Code of Civil Procedure section 377.30 to bring this claim on behalf of her son.

42. All named Defendants, acting under color of law, committed a battery upon the Decedent's person on December 9, 2018, by deliberately and intentionally opening fire on Decedent, and ultimately killing decedent when, among other things, and at the time the battery was committed (i) decedent had not committed any crime; (ii) decedent was unarmed; (iii) decedent did not pose any threat to defendants, other officers or bystanders; (iv) defendants knew, or should have known, that other alternative methods were available to effectuate a seizure. Such actions were in conscious and reckless disregard of the risk of injury and death and under the circumstances there was no objectively reasonable basis for the defendants' actions.

***Rosa Cuevas***

43. All named Defendants, acting under color of law, committed a battery upon the Plaintiff's person on December 9, 2018, by deliberately and intentionally opening fire on Plaintiff, and ultimately shooting her several times, among other things, and at the time the battery was committed (i) Plaintiff had not committed any crime; (ii) Plaintiff was unarmed; (iii) Plaintiff did not pose any threat to defendants, other officers or bystanders; (iv) defendants knew, or should have known, that other alternative methods were available to effectuate a seizure. Such actions were in conscious and reckless disregard of the risk of injury and death and under the circumstances there was no objectively reasonable basis for the defendants' actions.

44. Defendant City of Tulare is vicariously liable for the torts of its officers, who were acting within the scope of their employment with the City of Tulare at the time of the incident pursuant to California Government Code §815.2.

45. Defendant Officers and DOES 1-25's conduct as described above was willful, malicious, oppressive, knowing, and intentional; accordingly, plaintiff seeks an award of punitive and exemplary damages in an amount according to proof for damages caused by defendants' conduct.

**FIFTH CLAIM**
**(BANE ACT VIOLATION – As to All Defendants)**

46. Plaintiffs incorporate herein by reference the preceding paragraphs of this complaint as fully set forth herein.

47. Plaintiff Letitia M. Tuggle, is the Representative of the Estate of Decedent, Quinntin Andrew Castro, her son, and accordingly has standing under Code of Civil Procedure section 377.30 to bring this claim on behalf of her son.

48. Defendant Officers interfered with the Decedent and Plaintiff Rosa Cueva's Fourth Amendment rights to be free from the unlawful seizure of their person through the exercise of excessive force when they opened fire shooting Decedent and Plaintiff multiple times, killing Decedent and causing Rosa Cuevas to suffer life threatening injuries long lasting life threatening medical conditions.

49. That upon observing the Defendant officers exercising excessive force upon their person, the Decedent and the Plaintiff reasonably believed that if they exercised their right to be free from the unlawful use of excessive force upon their person, that the Defendant officers would commit violence against them.

50. That Defendant officers injured the Decedent and Plaintiff to prevent them from exercising these rights.

51. That Decedent and Plaintiff were harmed because they suffered physical injuries, as a result of the violent acts imposed on them by the Defendant officers; and

52. The Defendant officers' use of excessive force to prevent the Decedent and Plaintiff from exercising their rights was a substantial factor in causing their harm.

53. Defendant City of Tulare is vicariously liable for the torts of its officers, who were acting within the scope of their employment with the City of Tulare at the time of the incident pursuant to California Government Code §815.2.

**SIXTH CLAIM**
(**NEGLIGENCE – As to All Defendants**)

54. By virtue of the foregoing, Defendant officers owed Plaintiff Rosa Cuevas a duty of due care not to cause the Plaintiff to suffer multiple gunshot wounds, and that this duty was breached by the Defendants' negligence and failure to exercise due care in their handling of the Plaintiff.

55. As a direct and proximate cause of the aforementioned acts of Defendants, Plaintiff was injured as set forth above and is entitled to compensatory damages according to proof at the time of trial.

56. Defendant officers are liable for all injuries caused by their acts, causing the Plaintiff to suffer harm based on their negligence to the same extent as a private person pursuant to California Government Code Section 820(a).

57. Defendant officers are not exonerated or immune from liability for negligence pursuant to California Government Code Section 820.8.

58. Defendant City of Tulare is vicariously liable for the torts of its officers, who were acting within the scope of their employment with the City of Tulare at the time of the incident pursuant to California Government Code §815.2.

## V. PRAYER FOR RELIEF

Plaintiffs pray for judgment against defendants as follows:

1. For compensatory damages and other special damages according to proof;
2. For general damages according to proof;
3. For punitive damages against all individual defendants according to proof;
4. The prejudgment interest at the legal rate according to proof;
5. For costs and reasonable attorneys' fees as provided by law; and
6. For such other relief as the Court may deem fit and proper.

## VI. JURY DEMAND

Plaintiffs demand a jury trial in this action.

LAW OFFICE OF STANLEY GOFF

Dated: October 26, 2019         _____/s/ STANLEY GOFF_____
STANLEY GOFF
Attorneys for Plaintiffs