UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LETITIA TUGGLE AND LETITIA TUGGLE AS REPRESENTATIVE OF THE ESTATE OF QUINNTIN CASTRO; ROSA CUEVAS; CAMERON WARE,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF TULARE; POLICE CHIEF MATT MACHADO; AND DOES 1-25,<br><br>Defendants. | No. 1:19-cv-01525-NONE-SAB<br><br>ORDER GRANTING COUNTER-DEFENDANTS' MOTION TO DISMISS.<br><br>(Doc. No. 11) |
| CITY OF TULARE, RYAN GARCIA,<br><br>Counter-Claimants,<br><br>v.<br><br>LETITIA TUGGLE AS REPRESENTATIVE OF THE ESTATE OF QUINNTIN CASTRO; ROSA CUEVAS; CAMERON WARE AND ROES 1-5,<br><br>Counter-Defendants. | |

/////

/////

1

**INTRODUCTION**

This case arises from a December 9, 2018 encounter between law enforcement and Plaintiffs Rosa Cuevas ("Cuevas"), Cameron Ware ("Ware"), and Quinntin Castro ("Castro") in Tulare County.  (Doc. No. 1.)  The encounter ended in a shootout in which Castro and a police canine were killed, and City of Tulare ("Tulare") police officer Ryan Garcia ("Garcia") was seriously injured.  (*Id*.)  Plaintiffs initiated this lawsuit against Tulare, the Tulare Police Department Chief, and Garcia on October 27, 2019.  (*Id*.)  Tulare and Garcia (hereinafter "Counter-Claimants") filed an answer and counter-claims on January 13, 2020.  (Doc. No. 8.) Presently before the court is a motion to partially dismiss Counter-Claimants' first amended counter-claims ("FAC"), filed by Letitia Tuggle (representative of Castro's estate), Cuevas, and Ware (hereinafter "Counter-Defendants").  (Doc. No. 11.)  The court has determined this motion to dismiss is suitable for decision pursuant to Local Rule 230(g).  For the reasons stated below, the court will grant Counter-Defendants' motion to dismiss.

**FACTUAL BACKGROUND**[1]

On December 9, 2018, Cuevas, Ware, and decedent Castro were riding in a 2001 Mercury. (Doc. No. 8 at ¶ 9–10.)  Castro was driving the vehicle, while Cuevas and Ware were passengers. (*Id*.)  Counter-Claimants allege that, "at the time," Castro was "under the influence of methamphetamine and armed with an illegally possessed handgun."  (*Id*. at ¶ 9.)

Tulare Police officers "attempted to initiate a . . . car stop . . . for observed traffic violations."  (*Id*.)  Castro then allegedly "attempted to evade officers by accelerating to reckless speeds."  (*Id*. at ¶ 10.)  Counter-Claimants claim Cuevas and Ware "encouraged, aided and abetted and conspired with Castro to continue to attempt to evade arrest."  (*Id*.)

After the vehicle Castro was driving "became disabled in mud," Tulare Police officers made "commands" for Counter-Defendants to "exit the vehicle."  (*Id*.)  Counter-Defendants allegedly "refused" to exit the vehicle.  (*Id*.)  Thereafter, Garcia and police canine "Bane" approached the vehicle.  (*Id*.)  Counter-Claimants claim Cuevas and Ware "conspired with and

---

[1] Because the motion presently before the court is a motion to partially dismiss counter-claims (Doc. No. 11), the facts presented in this section are premised upon the facts alleged in the counter-claims (Doc. No. 8), rather than those alleged in the underlying complaint (Doc. No. 1).

encouraged, aided and abetted Castro . . . to shoot both 'Bane' and Officer Garcia . . . to avoid arrest." (*Id.*)

Garcia "sustained serious gunshot wounds" and police canine "Bane" died "as a result of gunshot wounds." (*Id.* at ¶ 11.) Several other officers "returned fire," in "response to the deadly attack by Castro." (*Id.*) During this encounter, Counter-Defendants "sustained injuries . . . including the death of . . . Castro." (*Id.* at ¶ 7.)

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. Dismissal under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y Ranch Ltd.*, 546 F.3d 580, 588 (9th Cir. 2008).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (internal citations omitted). Thus, "bare assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' . . . are not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. "[T]o be entitled to the presumption of truth, allegations in a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to

3

enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. To the extent that a deficient pleading can be cured by the allegation of additional facts, however, a plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

## DISCUSSION

Counter-Defendants move to dismiss: 1) Counter-Claimants' assault and battery claim as applied to a police canine and 2) Counter-Claimants' conspiracy to commit assault and battery claim. (Doc. No. 11 at 2–3.)

**A.     California law assault and battery claim applied to a police canine**

Movants request that the court dismiss Counter-Claimants' tort claim concerning the police canine, based on an absence of legal authority for the proposition that a canine is a viable plaintiff for civil liability purposes. (*Id*. at 6–7.) Counter-Claimants have effectively conceded that this claim is not viable, by stating in their opposition to the pending motion that they "acknowledge and agree that the tort of 'assault and battery' applies only with respect to the shooting of Officer Garcia and not to his K9 partner 'Bane.'" (Doc. No. 13 at 2.) Therefore, the court will dismiss without leave to amend Counter-Claimants' assault and battery claim as applied to the police canine.

**B.     Conspiracy to commit assault and battery claim**

The moving party also seeks the dismissal of Counter-Claimants' conspiracy to commit assault and battery claim, on grounds that Counter-Claimants have failed to sufficiently allege the facts underlying this claim. (Doc. No. 11 at 8–9.) Under California law, a civil conspiracy is not considered an independent tort, but is rather a "legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 28 Cal. Rptr. 2d 475, 478–79 (1994). The elements of a civil conspiracy under California state law

are: "1) the formation of a group of two or more persons who agreed to a common plan or design to commit a tortious act; 2) a wrongful act committed pursuant to the agreement; and 3) resulting damages." *Roberts v. Levine*, No. 19-cv-567-WQH-BLM, 2019 WL 5650626, at *36–37 (S.D. Cal. Oct. 30, 2019) (quoting *Applied Equip*. 28 Cal. Rptr. 2d at 478–79).

In alleging a civil conspiracy to commit a tort, courts within the Ninth Circuit have held that "conclusory [allegations that are] . . . not supported by any factual allegations" or "allegations [that] are merely recitations of the elements of the claim . . . fail to state a claim under the *Twombly* standard." *Hernandez v. Cnty. of Marin*, No. C 11-03085 JSW, 2012 U.S. Dist. LEXIS 51056, at *30–32 (N.D. Cal. Apr. 11, 2012); *see also Harper v. Lugbauer*, No. C 11-01306 JW, 2011 WL 6329870, at *13–16 (N.D. Cal. Nov. 29, 2011); *Roberts*, 2019 WL 5650626, at *35–38; *Novak v. Merced Police Dep't*, No. 1:13-cv-1402 AWI BAM, 2014 U.S. Dist. LEXIS 23879, at *10–17 (E.D. Cal. Feb. 21, 2014).

To illustrate, in *Harper*, the court held that while the plaintiff alleged that defendants had "provide[d] encouragement and assistance," "made conspiratorial statements," and "[made] statements constituting aiding and abetting," these statements, without additional facts, failed to sufficiently allege civil conspiracy to commit battery. 2011 WL 6329870 at *13–16. Similarly, in *Roberts*, the district court held that the plaintiff failed to sufficiently allege a claim for conspiracy to commit a tort, because he merely presented the court "conclusory allegations" and "faile[d] to state facts showing Defendants agreed to commit each of the wrongful acts alleged." 2019 WL 5650626, at *35–38.

In the instant case, Counter-Claimants allege that Counter-Defendants "conspired with and encouraged, aided and abetted . . . [decedent Castro] . . . to shoot both 'Bane' and Officer Garcia." (Doc. No. 8 at 4.) Counter-Claimants also assert that Counter-Defendants' actions were conducted "jointly" and "intentionally." (*Id*. at 5–6.) However, the FAC provides no factual details that directly or indirectly suggest the existence of a conspiracy, the giving of aid, or joint action. Similar to the plaintiffs in *Harper* and *Roberts*, Counter-Claimants provide little more than conclusory allegations to allege their conspiracy to commit assault and battery claim and offer the court insufficient factual support for their claim in this regard. 2011 WL 6329870 at

*13–16; 2019 WL 5650626, at *35–38. Therefore, the court finds that Counter-Claimants have failed to state a cognizable conspiracy to commit assault and battery claim and will, therefore, dismiss this claim with leave to amend.

**CONCLUSION**

Accordingly,

1. The court grants Counter-Defendants' motion to dismiss (Doc. No. 11);
2. Counter-Claimants' assault and battery claim as applied to the police canine is dismissed without leave to amend; and
3. Counter-Claimants' conspiracy to commit assault and battery claim is dismissed with leave to amend. Any second amended counter-claim shall be filed within twenty-one days of the date of this order.

IT IS SO ORDERED.

Dated:   **July 13, 2020**                          _Dale A. Drozd_
                                         UNITED STATES DISTRICT JUDGE