# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LETICIA TUGGLE, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>CITY OF TULARE, et al.,<br><br>　　　　Defendants.<br>———————————————<br>CITY OF TULARE, et al.,<br><br>　　　　Counter Claimants.<br><br>　v.<br><br>LETICIA TUGGLE, et al.,<br><br>　　　　Counter Defendants. | Case No.  1:19-cv-01525-NONE-SAB<br><br>ORDER GRANTING DEFENDANTS' MOTION TO COMPEL DISCOVERY AND REQUEST FOR SANCTIONS<br><br>(ECF No. 26) |

Currently before the Court is Defendants' motion to compel discovery and motion for sanctions filed February 17, 2021. (ECF No. 1.) The matter was taken under submission on the papers after Plaintiffs did not file an opposition to the motion. (ECF No. 27.) Having considered the moving papers, as well as the Court's file, the Court issues the following order.

## I.

## BACKGROUND

On October 27, 2019, Letitia Tuggle, individually and as representative of the estate of Quinntin Castro, Rosa Cuevas, and Cameron Ware ("Plaintiffs" or "Counter Defendants") filed

1

this civil rights action pursuant to 42 U.S.C. ¶ 1983 against the City of Tulare and Police Chief Matt Machado ("Defendants" or "Counter Claimants"). (ECF No. 1.) On December 3, 2019, Defendants filed an answer and a counter claim against all plaintiffs. (ECF No. 4.) Plaintiffs filed a motion to dismiss the counter claim on December 24, 2019, and Counter claimants filed a first amended counter claim on January 13, 2020. (ECF Nos. 6, 8.) Counter defendants filed a second motion to dismiss on February 3, 2020, which was granted on July 14, 2020. (ECF No. 11, 16.) On this same date, a second amended counter claim was filed and Counter Defendants filed an answer on August 4, 2020. (ECF Nos. 17, 18.)

On March 18, 2020, Defendants served interrogatories and a request for production of documents on each of the three plaintiffs. (Unilateral "Joint" Statement/Affidavit of Bruce D. Praet (hereafter "Mot." or "Praet Aff't") 2,[1] ECF No. 26.) On April 23, 2020, Plaintiffs' counsel requested and was granted a thirty day extension of time to provide responses to the discovery requests. (Id.) On May 16, 2020, Plaintiffs' counsel sent an email stating that they were working on the discovery responses and requested a copy of the documents in word format. (May 16, 2021 Cajina email, ECF No. 26-1 at 2.)

A scheduling conference was held on September 8, 2020, and the scheduling order in this matter issued. (ECF Nos. 20, 21.) On September 9, 2020, Defense counsel reached out to Plaintiffs' counsel seeking the status of the discovery responses. (Praet Aff't at 2; Sept. 9, 2020 Praet email, ECF 26-1 at 4.) Mr. Cajina responded that they would get on the responses right away. (Id. at 5.) On September 14, 2020, Defense counsel sent an email requesting when the discovery response would be received. (Id. at 6.) On September 16, 2020, Mr. Cajina responded that the discovery would be provided in short order. (Id. at 7.)

Plaintiffs filed a first amended complaint on November 3, 2020, naming Sergeant Andy Garcia, and Police Officers Puente and Bradley as defendants in this action. (ECF No. 22.) A stipulation for leave to file a first amended complaint on November 6, 2020. (ECF No. 23.) On November 6, 2020, an order was filed granting the stipulation to file the amended complaint

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

1  nunc pro tunc. (ECF No. 24.) On November 11, 2020, Defendants filed an answer to the first
2  amended complaint. (ECF No. 25.)
3        On January 13, 2021, Defense counsel sent an email requesting the status of the
4  discovery responses and informed Plaintiffs that judicial intervention would be sought if
5  responses were not received by February 1, 2021. (Praet Aff't at 3.) On January 18, 2021, Mr.
6  Cajina replied that discovery responses would be provided "this week." (Jan. 18, 2021 Cajina
7  email, ECF No. 2601 at 8.)  On January 25, 2021, Defendants received responses to
8  interrogatories from Plaintiff Cuevas and a response to the request for production of documents
9  from Plaintiff Tuggle. (Praet Aff't at 3; Pl. Rosa Cuevas's Response to Def. City of Tulare
10 Special Interrogatories, Set One and Pl. Letitia Tuggle's Responses to Def. City of Tulare Req.
11 for Production of Documents, Set One, ECF No. 26-3.) There were no responses received for
12 the interrogatories served on Plaintiffs Tuggle or Ware and no responses for the request for
13 production served on Plaintiffs Cuevas or Ware. (Id.)
14       On February 3, 2021, Defendants mailed a letter to Plaintiffs' counsel seeking full
15 responses no later than February 15, 2021. (Praet Aff't at 3, February 3, 2021 letter, ECF No.
16 26-4.) On February 17, 2021, Defendants attempted to call counsel for Plaintiffs to meet and
17 confer on the issue but there was no answer and the voice mail of both attorneys were full so no
18 message could be left. (Praet Aff't at 3-4.)
19       On February 17, 2021, Defendants filed a motion to compel and request for sanctions.
20 (ECF No. 26.) Plaintiffs did not file an opposition to the motion.

## II.

## LEGAL STANDARD

23       Rule 26 of the Federal Rules of Civil Procedure allows a party to obtain discovery
24 "regarding any nonprivileged matter that is relevant to any party's claim or defense and
25 proportional to the needs of the case, considering the importance of the issues at stake in the
26 action, the amount in controversy, the parties' relative access to relevant information, the parties'
27 resources, the importance of the discovery in resolving the issues, and whether the burden or
28 expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

"Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

Rule 37 of the Federal Rules of Civil Procedure provides that a party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37(a)(1). "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection" where "(i) a deponent fails to answer a question asked under Rule 30 or 31; (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4); (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). The party opposing the discovery bears the burden of resisting disclosure. Bryant v. Armstrong, 285 F.R.D. 596, 600 (S.D. Cal. 2012).

If the motion is granted or the disclosure or requested discovery is provided after the filing of the motion, the court must order the offending party "to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

**III.**

**DISCUSSION**

Here, Defendants move to compel Plaintiffs to respond to four sets of discovery and to require supplemental responses for Plaintiff Tuggle's response to interrogatories and Plaintiff Ware's response to requests for production of documents. Defendants also seek sanctions in the amount of $1,645.00 to compensate them for the time expended by counsel to remedy Plaintiffs' non-compliance.

**A.  Interrogatories**

Defendant served interrogatories on Plaintiffs Tuggle, Ware, and Cuevas on March 18,

4

2020. (Praet Aff't at 2.) Rule 33 of the Federal Rules of Civil Procedure provides that a party may serve upon another party written interrogatories that relate to any matter that may be inquired into under Rule 26(b). Fed. R. Civ. P. 33(a). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Pursuant to Rule 33 responses to the interrogatories must be served within thirty days after the request was served. Fed. R. Civ. P. 33(b)(2).

The failure to timely object to an interrogatory waives any objection, unless the failure is excused by the court for good cause. Fed. R. Civ. P. 33(b)(4); see also Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.").

### 1. Plaintiffs Tuggle and Ware

Defendants served the interrogatories on March 18, 2020 and Plaintiffs were granted a thirty day extension of time from April 23, 2020 to serve responses. Defendants have made numerous attempts to work with Plaintiffs to obtain responses to the interrogatories and Plaintiffs Tuggle and Ware have not served responses to the interrogatories nor has any opposition been filed to the instant motion.

Here, the Court finds that Plaintiffs Tuggle and Ware have failed to serve timely response to the interrogatories and have waived any objections. Plaintiffs Tuggle and Ware shall be ordered to serve responses to the special interrogatories without objection.

### 2. Plaintiff Cuevas

Defendants also contend that the responses received by Plaintiff Cuevas were inadequate. On February 3, 2021, Defendants served a letter identifying the specific deficiencies in Plaintiff Cuevas' response to the interrogatories. The Court agrees that Plaintiff Cuevas' responses to Interrogatories No. 2, 5, 8, and 9 were inadequate.

Interrogatory no. 2 requested,

> Please explain how you first met QUINTTIN CASTRO and describe in complete detail YOUR familiarity with and nature of your relationship (social, dating or otherwise) with QUINNTIN CASTRO during the year prior to his death.

(ECF No. 26-3 at 3.)

Plaintiff Cuevas response to Interrogatory No. 2 states, "Quinntin Castro and the Plaintiff were just good friends." (Id.)

Defendants argue that this does not explain how or when they first met and requests such information. Plaintiff Cuevas shall supplement her response to Interrogatory No. 2 to address how and when she met Mr. Castro.

Interrogatory No. 5 requested,

> Please provide a complete list of all jobs/employment you have held for the past (10) years to the present, including identifying information for each position and the periods of each position.

(Id.) Plaintiff Cuevas' response states, "Medical Assistant; In home health care/aid; Picked Grapes and other types of agricultural goods in the Fresno/ Visalia areas." (Id.)

Defendants argue that while the list provides the title of Plaintiff's jobs, it does not identify the employer or the period of time that each position was held as sought by the interrogatory. Plaintiff Cuevas shall be required to supplement her response to Interrogatory No. 5 to provide the requested information.

Interrogatory No. 8 requested,

> If you are claiming any physical or psychiatric injury as a result of this incident, please describe such injury in complete detail and what, if any, treatment you have received to date (including name of provider and dates).

(Id.) Plaintiff Cuevas' response states, "Plaintiff is not a medical expert: The medical documents already sent to the Defendants detail the complete nature of any and all injuries." (Id.)

Defendants argue that the records provided are only through early 2020 and seek a detailed description of and names of providers for any subsequent treatment. Defendants assert that given the serious nature of Plaintiff Cuevas initial injuries they are entitled to know if she is alleging any residual injuries and the identities of all medical providers.

Plaintiff Cuevas shall be required to supplement her response to Interrogatory No. 8 to provide the nature of her injuries (physical and psychiatric), the treatment received to date, and the names and addresses of all medical and psychiatric providers.

Interrogatory No. 9 requested,

> Please state in complete detail each and every fact (including the source of each such fact) upon which you base your contention that the City of Tulare has a widespread custom and practice of ratifying excessive force.

(Id.) Plaintiff Cuevas' response to Interrogatory No. 9 states, "Defendant Tulare has a widespread or longstanding custom and practice ratifying excessive force, which are shown by the fact that the Plaintiff is aware of numerous officer-involved shootings in the City of Tulare over the last 5 years." (Id.)

Defendant argues that Plaintiff has failed to provide the requested information and seeks the details and source of Plaintiff's alleged knowledge. Plaintiff's response does not identify any of the alleged instances of ratification of excessive force and is therefore not responsive to the interrogatory. Plaintiff shall be required to supplement her response to Interrogatory No. 9 to identify the instances of excessive force and the source of her knowledge.

### B. Request for Production of Documents

Defendants served requests for production of documents on Plaintiffs Tuggle, Cuevas, and Ware on March 18, 2020. Rule 34 of the Federal Rule of Civil Procedure provides that a party may serve upon any other party a request for production of any tangible thing within the party's possession, custody, and control that is within the scope of Rule 26(b). Fed. R. Civ. P. 34(a)(1). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). Rule 34 provides that responses to the request for production must be serve within thirty days after the request was delivered. Fed. R. Civ. P. 34(b)(2)(A).

#### 1. Plaintiffs Cuevas and Ware

Defendants served the request for production of documents on March 18, 2020 and Plaintiffs were granted a thirty day extension of time from April 23, 2020 to serve responses. Defendants have made numerous attempts to work with Plaintiffs to obtain responses to the request for production and Plaintiffs Cuevas and Ware have not served responses to the requests for production.

By failing to timely object or respond to the current motion, Plaintiffs have waived any objections to the request for production of documents. Richmark Corp., 959 F.2d at 1473; Ransom v. Lee, No. CV 14-600-DSF (KK), 2018 WL 5869659, at *2 (C.D. Cal. June 29, 2018); Massoli v. Regan Media, No. CIV 05-0854-PHX-EHC, 2006 WL 1455567, at *1 (D. Ariz. May 22, 2006); Andreoli v. Youngevity Int'l, Inc., No. 16-CV-02922-BTM-JLB, 2018 WL 6334284, at *8 (S.D. Cal. Dec. 5, 2018); see also Oxford St. Properties LLC v. Robbins, No. 210CV02999JHNRZX, 2011 WL 13214031, at *3 (C.D. Cal. Nov. 30, 2011) (affirming magistrate judge's holding that party waived objections by failing to timely respond to request for production of documents); Westbrook v. GES Exposition Servs., Inc., No. 205CV00532KJDGWF, 2006 WL 8441954, at *2 (D. Nev. May 24, 2006) ("Although Rule 34 does not contain an express provision that objections to requests for production are waived if responses and objections are not timely served, the courts have interpreted the rule regarding waiver of objections consistent with Rule 33.").

Accordingly, the Court finds that Plaintiffs Cuevas and Ware have waived any objections to the request for production. Defendant's motion to compel Plaintiff to respond to the request for production is granted. Plaintiffs Cuevas and Ware shall serve responses to the request for production without objection.

      2.      Plaintiff Tuggle

Defendants argue that the response that was received from Defendant Tuggle was inadequate and seek an order compelling her to supplement her response. The February 3, 2021 letter argues that virtually every response to the distinct request for production consists of nothing more than the phrase, "Plaintiff is unable to locate any other documents not provided in the Flash Drive that will be provided to the Defendants as they are not in the Plaintiff's possession or do not exist." Defendants contend that they have never received a flash drive containing documents and the response does not demonstrate that Plaintiff Tuggle exercised diligence in attempting to locate and produce responsive documents.

The "court cannot compel a party to produce documents that do not exist and a mere suspicion that additional documents exist is an insufficient basis to grant a motion to compel.

1  K.C.R. v. Cty. of Los Angeles, No. CV 13-3806 PSG (SSX), 2014 WL 12725470, at *8 (C.D. Cal. Aug. 6, 2014).  To succeed on the motion, "the moving party must have a colorable basis for its belief that relevant, responsive documents exist and are being improperly withheld."  K.C.R., 2014 WL 12725470, at *8.

However, "[a] party is deemed to have control over documents if he or she has a legal right to obtain them."  Rogers v. Giurbino, 288 F.R.D. 469, 485 (S.D. Cal. 2012).  Further, "[a] party responding to a document request 'cannot furnish only that information within his immediate knowledge or possession; he is under an affirmative duty to seek that information reasonably available to him from his employees, agents, or others subject to his control.' " Rogers, 288 F.R.D. at 485; see also Hill v. Eddie Bauer, 242 F.R.D. 556, 560 (C.D. Cal. 2007). In responding to a document requests a party "must make a reasonable inquiry to determine whether responsive documents exist, and if they do not, the 'party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence.' " Rogers, 288 F.R.D. at 485 (citations omitted).

In responding to the request, Plaintiff must do more than say she searched and no responsive documents were found, "she must briefly describe the search to allow the Court to determine whether it was reasonable."  Rogers, 288 F.R.D. at 485.  Here, the Court finds that Plaintiff Tuggle's responses are inadequate to find that she made a diligent attempt to produce responsive documents.

Further, Defendants are "entitled to individualized, complete responses to each of the requests, as numbered and identified in the requests, accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced."  Louen v. Twedt, 236 F.R.D. 502, 505 (E.D. Cal. 2006).  Plaintiff's response does not identify any documents that are responsive to each of the requests.  In supplementing the response to the request for production, Plaintiff must identify each responsive document for each request for production and it is not sufficient to merely refer to the flash drive.

Accordingly, Plaintiff Tuggle shall be required to supplement her response to the request for production identifying documents responsive to each request and if no responsive documents

exist, then Plaintiff must state so with sufficient information to allow the Court to determine that a diligent search was conducted for responsive documents.

### C. Request for Sanctions

Defendants seek sanctions under Rule 37 for the time spent in attempting to gain Plaintiffs' compliance in this matter. Pursuant to Rule 37 of the Federal Rules of Civil Procedure, if the motion to compel is granted, the court must order the offending party "to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). An award of sanctions is mandatory under Rule 37(a)(5) unless the party shows that the failure to respond was substantially justified or that an award of expenses would be unjust. Infanzon v. Allstate Ins. Co., 335 F.R.D. 305, 311 (C.D. Cal. 2020). It is the burden of the party being sanctioned to establish this substantial justification or the existence of special circumstances. Infanzon, 335 F.R.D. at 311.

Here, Defendants granted Plaintiffs a thirty day extension of time to respond, made multiple attempts to meet and confer by mailing Plaintiffs letters requesting compliance, and emailing counsel in an attempt to obtain responses to the discovery requests. Plaintiffs have not opposed the motion so there is no argument before the Court that this failure to respond to the discovery requests was substantially justified or that other circumstances make the award of expenses unjust. Accordingly, the Court shall grant the request for sanctions.

Defendants seek attorney fees for one hour spent emailing and preparing letters during the time period of September 2020 through January 2021, and for six hours spent during January and February 2021 in reviewing the discovery responses, emailing and phoning counsel to meet and confer and drafting the instant motion, at an hourly rate of $235.00 per hour. (Praet Aff't at 5-6.) In determining if the amount requested is reasonable courts use the lodestar method which multiplies the number of hours reasonably expended by counsel by the reasonable hourly rate. Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013); Camacho v. Bridgeport

Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008); Infanzon, 335 F.R.D. at 314.

Counsel seeks $235.00 per hour for the time expended in this action. In the Fresno Division of the Eastern District of California, this Court has found reasonable hourly rates to range from $200.00 to $425.00 per hour. In re Taco Bell Wage & Hour Actions, 222 F.Supp.3d 813, 838 (E.D. Cal. 2016). Mr. Praet has over thirty-five years of experience in defending police litigation in federal courts and bills his time at $235.00 per hour. (Praet Aff't at 6.) Attorneys with less than fifteen years of experience are awarded hourly rates of $250 to 300 per hour. Perkins v. City of Modesto, No. 1:19-CV-00126-LJO-EPG, 2020 WL 4547325, at *2 (E.D. Cal. Aug. 6, 2020); see also Atayde v. Napa State Hosp., No. 1:16-CV-00398-DAD-SAB, 2020 WL 2770061, at *13 (E.D. Cal. May 28, 2020) (finding $350 per hour to be a reasonable hourly rate for an attorney with 13 years of experience in civil rights case). The Court finds that the rate of $235.00 per hour for the services of Mr. Praet given his experience is reasonable.

Defendants are seeking to be reimbursed for the time spent in emailing and drafting letters, reviewing the inadequate responses, and preparing the motion to compel which were all necessary due to Plaintiffs' failure to respond to the discovery requests. The Court finds that seven hours is a reasonable amount of time to have spent in attempting to gain compliance and drafting the instant motion to compel.

The Court grants the request for sanctions and shall award attorney fees in the amount of $1,645.00[2] to Defendants for the costs incurred due to Plaintiffs' failure to respond and inadequate responses to the discovery requests.

## IV.

## CONCLUSION AND ORDER

For the reasons discussed above, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel Plaintiffs' responses to discovery and request for sanctions is GRANTED;
2. Within **twenty (20) days** of the date of entry of this order,

---

[2] 7 hours x $235.00 per hour = $1,645.00.

       a.      Plaintiffs Tuggle and Ware shall serve responses to the interrogatories;

       b.      Plaintiff Cuevas shall supplement her response to Interrogatories No. 2, 5, 8, and 9;

       c.      Plaintiffs Cuevas and Ware shall serve responses to the request for production of documents;

       d.      Plaintiff Tuggle shall supplement her response to the request for production of documents;

3.     Plaintiffs shall pay costs of $1,645.00 to Ferguson, Praet & Sherman, 1631 East 18th Street, Santa Ana, California 92705, attorney for Defendants within **thirty (30) days** of the date of entry of this order; and

4.     <u>Plaintiffs are advised that the failure to comply with this order may result in the issuance of sanctions, up to and including dismissal of this action.</u>

IT IS SO ORDERED.

Dated:   **February 26, 2021**

                                       UNITED STATES MAGISTRATE JUDGE