# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LETICIA TUGGLE, et al., | Case No. 1:19-cv-01525-NONE-SAB |
| Plaintiffs, | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SANCTIONS AND VACATING JUNE 2, 2021 HEARING |
| v. | |
| CITY OF TULARE, et al., | |
| Defendants. | (ECF Nos. 33, 34, 37, 39, 41) |
| CITY OF TULARE, et al., | |
| Counter Claimants | |
| v. | |
| LETICIA TUGGLE, et al., | |
| Counter Defendants. | |

Currently before the Court is Defendants' motion for sanctions against Plaintiffs Tuggle and Ware. The Court, having reviewed the record, finds this matter suitable for decision without oral argument. <u>See</u> Local Rule 230(g). Accordingly, the previously scheduled hearing set on June 2, 2021 will be vacated and the parties will not be required to appear at that time.

For the reasons discussed herein, the Court shall grant in part the instant motion for sanctions. The motions shall be denied to the extent it seeks terminating sanctions and granted to the extent it seeks monetary sanctions.

# I.

## PROCEDURAL HISTORY

On October 27, 2019, Letitia Tuggle, individually and as representative of the estate of Quinntin Castro, Rosa Cuevas, and Cameron Ware ("Plaintiffs" or "Counter Defendants") filed this civil rights action pursuant to 42 U.S.C. ¶ 1983 against the City of Tulare and Police Chief Matt Machado ("Defendants" or "Counter Claimants"). (ECF No. 1.) On December 3, 2019, Defendants filed an answer and a counter claim against all plaintiffs. (ECF No. 4.) Plaintiffs filed a motion to dismiss the counter claim on December 24, 2019, and Cross Claimants filed a first amended counter claim on January 13, 2020. (ECF Nos. 6, 8.) Counter Defendants filed a second motion to dismiss on February 3, 2020, which was granted on July 14, 2020. (ECF No. 11, 16.) On this same date, a second amended counter claim was filed and Counter Defendants filed an answer on August 4, 2020. (ECF Nos. 17, 18.)

A scheduling conference was held on September 8, 2020, and the scheduling order in this matter issued. (ECF Nos. 20, 21.) Plaintiffs filed a first amended complaint on November 3, 2020, adding Sergeant Andy Garcia, and Police Officers Puente and Bradley as defendants in this action. (ECF No. 22.) A stipulation for leave to file a first amended complaint was filed on November 6, 2020. (ECF No. 23.) On November 6, 2020, an order was filed granting the stipulation to file the amended complaint nunc pro tunc. (ECF No. 24.) On November 11, 2020, Defendants filed an answer to the first amended complaint. (ECF No. 25.)

On February 17, 2021, a motion for discovery sanctions was filed by Defendants. (ECF No. 21.) On February 26, 2021, an order issued granting Defendants' motion to compel and request for sanctions. (ECF No. 28.) The order provided that within twenty days of February 26, 2021, Plaintiffs Tuggle and Ware were to serve responses to the interrogatories; Plaintiff Cuevas was to supplement her response to Interrogatories No. 2, 5, 8, and 9; Plaintiffs Cuevas and Ware were to serve responses to the request for production of documents; Plaintiff Tuggle was to supplement her response to the request for production of documents; and within thirty

days, Plaintiffs were to pay costs of $1,645.00 to attorney for Defendants. (Id. at 11-12.[1])

On April 12, 2021, Defendants filed a motion for sanctions as to Plaintiffs Tuggle and Ware. (ECF No. 33.) Plaintiffs Tuggle and Ware filed an opposition to the motion on April 27, 2021. (ECF No. 34.) Defendants filed a reply on May 3, 2021. (ECF No. 37.) On May 11, 2021, an order issued requiring Defendants to file a copy of the supplemental responses that were received after the instant motion was filed. (ECF No. 38.) On May 11, 2021, Defendants filed a response. (ECF No. 39.) On May 13, 2021, an order issued requiring Defendants to clarify the supplemental filing and a supplemental response was filed. (ECF Nos. 40, 41.)

## II.

## LEGAL STANDARD

Rule 26 of the Federal Rules of Civil Procedure allows a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

'The discovery process in theory should be cooperative and largely unsupervised by the district court. But when required disclosures aren't made or cooperation breaks down, Federal Rule of Civil Procedure 37 allows a party to move for an order compelling disclosures or discovery." Sali v. Corona Reg'l Med. Ctr., 884 F.3d 1218, 1219 (9th Cir. 2018). "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection" where "(i) a deponent fails to answer a question asked under Rule 30 or 31; (ii) a

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4); (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). The party opposing the discovery bears the burden of resisting disclosure. <u>Bryant v. Armstrong</u>, 285 F.R.D. 596, 600 (S.D. Cal. 2012).

If the motion is granted or the disclosure or requested discovery is provided after the filing of the motion, the court must order the offending party "to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

Rule 37(b)(2) of the Federal Rules of Civil Procedure provides that if a party fails to obey an order to provide or permit discovery, the court may issue further just orders, which may include the imposition of sanctions upon the disobedient party, including dismissal of the action or proceeding in whole or in part. Fed. R. Civ. P. 37(b)(2)(A). "[T]he court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

### III.

### DISCUSSION

Defendants move for an order dismissing Plaintiffs Tuggle and Ware's claims with prejudice and for monetary sanctions for the failure to comply with their discovery obligations and the Court's February 26, 2021 order. Defendants contend although Plaintiffs Tuggle and Ware have paid the monetary sanctions ordered, they did not comply with the order to respond to the discovery requests within the deadline ordered. Defendants state that after contacting Plaintiffs Tuggle and Ware's counsel, they were informed that discovery responses would be delivered by the end of the day on April 2, 2021. Defendants assert that the discovery responses

that were received were woefully inadequate and virtually nonresponsive. Defendants seek terminating sanctions against Defendants Tuggle and Ware for the failure to comply with their discovery obligations.

Plaintiffs counter that they did serve discovery responses on April 2, 2021, and were informed by defense counsel on April 5, 2021 that the responses were inadequate and a supplement was demanded within forty-eight hours. Plaintiffs Tuggle and Ware complain that at no point did defense counsel invite a discussion so that they could resolve their differences or even try to engage in a joint statement as required by Local Rule 251. Plaintiffs Tuggle and Ware argue that Defendants filed the further motion to compel on April 12, 2021, and that Plaintiffs Tuggle and Ware were already supplementing their responses which were served at roughly the same time that the motion was filed.

Defendants reply that Plaintiffs Tuggle and Ware completely ignore the facts that they did not comply with the February 26, 2021 order to serve full discovery responses; once the deadline had passed, defense counsel contacted Plaintiffs Tuggle and Ware's counsel seeking to meet and confer due to the non-compliance. Plaintiffs Tuggle and Ware's counsel stated that responses would be served by the end of the day; the responses that were served were inadequate; defense counsel offered Plaintiffs until April 7, 2021 to provide compliant responses. Despite Plaintiffs Tuggle and Ware's contention that the supplemental responses were served roughly at the same time that the motion was filed, Defendants state that supplemental responses were not mailed until April 19, 2021, a week after the filing of the instant motion. Defendants argue that Plaintiffs Tuggle and Ware did not seek any extension of time to serve their responses, and the supplemental responses remain inadequate.

### A.    Defendants Meet and Confer Attempts

Plaintiffs Tuggle and Ware argue that the Court should not hear Defendants motion to compel because they failed to meet and confer as required by Local Rule 251(b). Local Rule 251(b) provides that a discovery disagreement "shall not be heard unless (1) the parties have conferred and attempted to resolve their differences, and (2) the parties have set forth their differences and the bases therefor in a Joint Statement re Discovery Disagreement." It is within

the Court's discretion whether to deny a motion for the failure to meet and confer.  The failure to comply with local rules does not require the denial of a party's motion, particularly where the non-moving party has suffered no apparent prejudice as a result of the failure to comply. CarMax Auto Superstores California LLC v. Hernandez, 94 F.Supp.3d 1078, 1088 (C.D. Cal. 2015); Rogers v. Giurbino, 288 F.R.D. 469, 477 (S.D. Cal. 2012).  Therefore, even if there had been a complete failure to meet and confer it would be within the Court's discretion to hear the motion to compel.

Considering that the current motion to compel is being brought for the failure to comply with a previous order granting Defendants' motion to compel the discovery responses at issue in the current motion, the Court finds that Defendants attempts to meet and confer were adequate. Plaintiffs Tuggle and Ware were ordered to serve discovery responses within twenty days of February 26, 2021, and did not comply with the order.  (Decl. of Bruce D. Praet ("Praet Decl."), ¶ 2, ECF No. 33.)  Defense counsel emailed Plaintiffs Tuggle and Ware's counsel on April 2, 2021 regarding the failure to comply.  (Id.)  The email noted the complete lack of compliance and response from Plaintiffs Tuggle and Ware and provided one final opportunity for Plaintiffs to comply and to contact counsel by April 5, 2021, to meet and confer.  (Bruce D. Praet April 2, 2021 email, ECF No. 33-1 at 1.)  Plaintiff Tuggle and Ware's counsel contacted Mr. Praet by phone and agreed to provide full responses by the close of business.  (Praet Decl., ¶ 3.)  An email confirming the conversation was sent on that same day.  (Praet April 2, 2021 email, ECF No. 33-1 at 2.)

Defendants received Plaintiffs Tuggle and Ware's discovery responses on April 5, 2021, and they were again found to be inadequate.  (Praet Decl. ¶ 4.)  Mr. Praet emailed Plaintiff Tuggle and Ware's counsel this same day to identify the noncompliance and requested that Plaintiffs provide fully compliant responses by end of business on April 7, 2021, or a motion seeking dismissal and sanctions would be filed.  (Id.; Praet April 5, 2021 email, ECF No. 33-3 at 2.).  Plaintiffs' counsel did not respond to the April 5, 2021 email.  (Praet Decl. ¶ 4.)  In the circumstances present here, the Court finds that Defendants have made adequate attempts to meet and confer to address Plaintiffs Tuggle and Ware's inadequate discovery responses.

Plaintiffs Tuggle and Ware also assert that the motion should be denied because Defendants have not complied with the requirement that a joint statement be filed. Local Rule 251(e) provides that "[t]he foregoing requirement for a Joint Statement re Discovery Disagreement shall not apply to the following situations: (1) when there has been a complete and total failure to respond to a discovery request or order, or (2) when the only relief sought by the motion is the imposition of sanctions." Here, Defendants are only seeking sanctions in the current motion, so a joint statement is not required. Plaintiffs Tuggle and Ware's request to deny the motion for failure to comply with Local Rule 251 is denied.

## B. Plaintiffs' Interrogatory Responses

Rule 33 of the Federal Rules of Civil Procedure provides that a party may serve upon another party written interrogatories that relate to any matter that may be inquired into under Rule 26(b). Fed. R. Civ. P. 33(a). The purpose of interrogatories is to "limit and clarify the issues for the parties in preparation for further trial proceedings." Soria v. Oxnard Sch. Dist. Bd. of Trustees, 488 F.2d 579, 587 (9th Cir. 1973) (citing 4A Moore's Federal Practice at ¶ 33.02 (2d ed. 1972)).

"Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). "A responding party must respond to interrogatories under oath to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must "be stated with specificity[,]" Fed. R. Civ. P. 33(b)(4). "In general, a responding party is not required 'to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made.' " Gorrell v. Sneath, 292 F.R.D. 629, 632 (E.D. Cal. 2013) (citations omitted).

In this instance, the Court has previously found that Plaintiffs Tuggle and Ware have waived any objections to the interrogatories by their failure to timely respond. (See Order Granting Defendants' Motion to Compel Discovery and Request for Sanctions, 5, ECF No. 28.)

In the second supplemental briefing, Defendants assert that none of the discovery responses were verified and no proof of service was attached. Fed. R. Civ. P. 33(b) requires that the party to whom the interrogatories are directed must answer and they must be answered under

oath. Fed. R. Civ. P. 33(b)(1, 3). To the extent that they have not already done do, Plaintiffs shall be required to provide a verification for the discovery responses.

1.   Plaintiff Ware's Responses

Defendants assert that they will not set forth each and every example of Plaintiff Ware's noncompliance, but point to a few of the "more glaring examples." (ECF No. 33 at 4.) Plaintiff Ware did not address the adequacy of the responses.

The Court shall address the specific interrogatory responses addressed by Defendants.

a.   **Interrogatory No. 1**

Interrogatory No. 1 states, "Please describe in complete detail YOUR interactions with QUINNTIN CASTRO for a (72) hour period preceding his death." (Def. City of Tulare's First Set of Interrogatories Propounded to Pl. Cameron Ware ("Ware Interrogatories"), 5, ECF No. 33-4.)

Plaintiff Ware's response to Interrogatory No. 1 states, "The Plaintiff had met up with Decedent shortly before the incident." (Pl. Cameron Ware's Response to Def. Special Interrogatories, Set One ("Ware's Response"), 10, ECF No. 33-4.)

Plaintiff Ware's supplemental response to Interrogatory No. 1 states, "The Plaintiff met Decedent through mutual acquaintances not to [sic] long before the incident in this case. Plaintiff would consider the relationship with Decedent to be social." (Pl. Cameron Ware's Am. Response to Defs.' Special Interrogatories, Set One ("Ware Am. Response"), 3, ECF No. 41-1.)

Defendants argue that the response that Plaintiff Ware met up with the decedent shortly before the incident reveals nothing about the complete details of his interactions with decedent during the critical 72 hours before the incident. As an example, Defendants state that in his deposition testimony, Plaintiff Ware stated that he and the decedent had been "smoking weed" prior to this incident and he admitted to investigators that he had seen decedent with the gun at his home prior to entering the decedent's vehicle. Defendants argue that Plaintiff Ware's response omits such critical details and is essentially nonresponsive.

Plaintiffs do not present any argument that the discovery responses are responsive to the request.

8

Defendants reply that the supplemental response remains nonresponsive to the request.

**Ruling:** Having reviewed the initial response and the supplemental response, the Court finds that Plaintiff Ware's response to Interrogatory No. 1 is nonresponsive. Although Plaintiff Ware states that he met up with the decedent shortly before the incident and met not long before the incident, the response is vague. Plaintiff Ware has not provided any time frame by which the defendants could determine the extent of their contact nor has Plaintiff Ware stated "in complete detail [HIS] interactions with QUINNTIN CASTRO." Interrogatory responses must contain facts, and the responding party "must verify that those facts are true and correct to the best of his knowledge." Hash v. Cate, No. C 08-03729 MMC DMR, 2012 WL 6043966, at *3 (N.D. Cal. Dec. 5, 2012).

"Rule 26(e) of the Federal Rules of Civil Procedure provides that litigants have a continuing duty 'seasonally' to supplement all interrogatory responses under Rule 33 if their prior responses are either incomplete or incorrect." Cambridge Elecs. Corp. v. MGA Elecs., Inc., 227 F.R.D. 313, 320–21 (C.D. Cal. 2004). Plaintiff Ware was informed that his response to Interrogatory No. 1 was noncompliant, and his supplemental response similarly did not state in detail his interactions with the decedent.

Plaintiff Ware shall supplement his response to Interrogatory No. 1 to state **"in complete detail"** his interactions with decedent for the seventy-two hours preceding his death.

### b. Interrogatory No. 4

Interrogatory No. 4 states, "Please provide a complete list of residences maintained by you for the past ten (10) years." (Ware Interrogatories, 5.)

Plaintiff Ware did not respond to Interrogatory No. 4. (Ware Response, 10.)

Plaintiff Ware's amended response to Interrogatory No. 4 states, "Plaintiff's residence's [sic] for most of the last 10 years was his father's house located at: 1908 Linwood St. Visalia Ca 93277. At the time of the incident, Plaintiff was residing at 611 no st Tulare Ca 93274 and his most current address is 1072 East Academy Ave Tulare Ca 932." (Ware Am. Response, 3.)

Defendants argue that Plaintiff Ware's initial response ignored the interrogatory.

**Ruling:** Plaintiff Ware's response that for the most part of the last ten years he was at his

father's house fails to identify a complete list of residences maintained by Plaintiff Ware in the past ten years. Plaintiff Ware shall supplement his response to identify all addresses that he has maintained in the preceding ten years.

### c.    **Interrogatory No. 5**

Interrogatory No. 5 states, "Please provide a complete list of all jobs/employment you have held for the past ( 10) years to the present, including identifying information for each position and the periods of each position." (Ware Interrogatories, 5.)

Plaintiff Ware did not respond to Interrogatory No. 5. (Ware Response, 10.)

Plaintiff Ware's amended response to Interrogatory No. 5 states, "Plaintiff had went back in 2012 and got his G.E.D. In 2014 he briefly worked for a company called Red Carpet Carwash in Visalia Ca. That is the only job that the Plaintiff has had in the past 10 years." (Ware Am. Response, 3.)

Defendants argue that Plaintiff Ware's initial response ignored the interrogatory.

**Ruling:** Plaintiff Ware's amended response to Interrogatory No 5 does not identify the position the he held at Red Carpet Car Wash nor the time period in which he was employed. Plaintiff Ware shall be required to supplement his response to Interrogatory No. 5 to provide a complete response.

### d.    **Interrogatory No. 9**

Interrogatory No. 9 states, "Please state in complete detail each and every fact (including the source of each such fact) upon which you base your contention that the City of Tulare has a widespread custom and practice of ratifying excessive force." (Ware Interrogatories, 6.)

Plaintiff Ware's response to Interrogatory No. 9 states, "Over the last 10 years prior to the incident in this case, the Tulare Police Department has been involved in police involved shootings that were wrongful and no officers involved in those shootings have been disciplined." (Ware Response, 10.) The amended response remained the same. (Ware Am. Response, 4.)

Defendants argue that Plaintiff Ware has provided nothing more than non-specific speculation without providing any of the factual basis required by the interrogatory.

**Ruling:** The vague assertion that there have been other police involved shooting that

were wrongful and no officers involved were disciplined is nonresponsive. Plaintiff Ware's response to Interrogatory No. 9 fails to identify any facts to support the claim that the City of Tulare has a custom or practice of ratifying excessive force.

Plaintiff Ware shall supplement his response to identify each and every fact of other police involved shootings that would support a widespread custom and practice of ratifying excessive force.[2]

### 2. Plaintiff Tuggle's Interrogatory Responses

Similarly, Defendants cite to a few examples of the allegedly inadequate responses by Plaintiff Tuggle. Plaintiff Tuggle did not supplement her interrogatory responses. (Defs.' Suppl. Response per Court Order, 3, ECF No. 41.) Plaintiff Tuggle did not address the adequacy of the interrogatory responses.

#### a. Interrogatory No. 1

Interrogatory No. 1 states, "Please describe in complete detail YOUR interactions with QUINNTIN CASTRO for a (72) hour period preceding his death. If you did not have any interaction with QUINNTIN CASTRO within a (72) period preceding his death, please describe in complete detail the date and precise nature of last contact you had with him prior to his death. (Def. City of Tulare's First Set of Interrogatories Propounded to Pl. Letitia Tuggle ("Tuggle Interrogatories"), , ECF No. 39-2.)

Plaintiff Tuggle's response to Interrogatory No. 1 states, "The last contact that Plaintiff had with Decedent was a 'mother and son' visit with him at her home 72 hours before his death." (Pl. Letitia Tuggle's Response to Defs.' Special Interrogatories, Set One ("Tuggle's Response"), 3, ECF No. 33-6.)

Defendants argue that since Plaintiff Tuggle's claim is based upon her alleged loss of familial relations, her complete lack of requisite detail pertaining to the visit is particularly troublesome.

**Ruling:** The interrogatory specifically requests the date and the details of the contact

---

[2] Defendants have not requested an evidentiary sanction based on the failure to identify any facts to support the policy and procedure claim.

with decedent. Plaintiff Tuggle's response that the last contact was a "mother and son visit at her home 72 hours before his death addresses the nature of the visit, but lacks any of the details of the interaction that were sought by the interrogatory.

Plaintiff Tuggle shall be required to supplement her amended response to provide the date and details of her interactions with decedent during the seventy-two hours preceding his death.

### b.    Interrogatory No. 3

Interrogatory No. 3 states, "Please describe in complete detail the levels of education and/or vocational training completed by QUINNTIN CASTRO, including names of institutions. (Tuggle Interrogatories, 5.)

Plaintiff Tuggle's response to Interrogatory No. 3 states, "The Decedent completed the following levels of education; High School Diploma, Undergraduate Units from college, Vocation; Journeyman Drywaller Certificate." (Tuggle's Response, 3.)

Defendants argue that the interrogatory seeks the names of the institutions for the claimed education, and Plaintiff Tuggle's complete lack of response prevents them from further investigating the validity of the claims.

**Ruling:** Plaintiff Tuggle's response to Interrogatory No. 3 fails to identify the names of the institutions or dates which would be included in the request for complete detail of his educational or vocational training.

Plaintiff Tuggle shall supplement her response to Interrogatory No. 3 to identify the time periods and the names of the institutions for the educational or vocation training.

### c.    Interrogatory No. 8

Interrogatory No. 8 states, "If you are claiming any physical or psychiatric injury as a result of this incident, please describe such injury in complete detail and what, if any, treatment you have received to date (including name of provider and dates)." (Tuggle Interrogatories, 6.)

Plaintiff Tuggle's response to Interrogatory No. 8 states, "Plaintiff has undergone mental health treatment from the following mental health providers: Dr. David Angert and Christina Keller, MCSW; Leticia Lopez, EMDR, MCSW." (Tuggle's Response, 4.)

Defendants argue that this partial response fails to fully identify the providers of the claimed mental health treatment or the dates of any such treatment. Defendants contend that they are entitled to seek Plaintiff Tuggle's mental health records given that she is claiming damages beyond regular emotional distress.

**Ruling:** Plaintiff Tuggle has failed to identify the treatment and the dates of treatment for each of the providers identified. Plaintiff Tuggle shall supplement her response to Interrogatory No. 8 to provide the name, address, dates of treatment, and type of treatment provided by each provider.

### d. Interrogatories Nos. 9 and 10

Interrogatory No. 9 states, "Please state in complete detail each and every fact (including the source of each such fact) upon which you base your contention that the City of Tulare has a widespread custom and practice of ratifying excessive force." (Tuggle Interrogatories, 6.)

Interrogatory No. 10 states, "Please state in complete detail each and every fact (including the source of each such fact) upon which you base your contention that the City of Tulare has had inadequate training of its officers." (Id.)

Plaintiff Tuggle's response to Interrogatories No. 9 and 10 both state, "Over the last 10 years prior to the incident in this case, the Tulare Police Department has been involved in police involved shootings that were wrongful and no officers involved in those shootings have been disciplined." (Tuggle Response, 4.)

Defendants contend that the responses to the interrogatories seeking evidence of the Monell claims are identical to the nonresponsive responses by Plaintiff Ware. Defendants argue that despite having more than a year to exercise the required diligence in responding to discovery, both Plaintiffs have consistently and blatantly ignored the Federal Rules and this Court's orders.

**Ruling:** The Court finds that Plaintiff Tuggle's response to Interrogatories No. 9 and 10 are nonresponsive for the same reasons addressed in discussing the identical responses by Plaintiff Ware. Plaintiff Tuggle shall be required to supplement her response to Interrogatories No. 9 and 10 to identify each and every fact of other police involved shootings that would

support a widespread custom and practice of ratifying excessive force or inadequate training.

## C.    Plaintiff Tuggle's Responses to Requests for Production

Rule 34 of the Federal Rule of Civil Procedure provides that a party may serve upon any other party a request for production of any tangible thing within the party's possession, custody, and control that is within the scope of Rule 26(b).  Fed. R. Civ. P. 34(a)(1).  "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B).

Rule 37 provides that a party may move for an order compelling disclosure or discovery.  Fed. R. Civ. P. 37(a)(1).  If the motion is granted or the disclosure or requested discovery is provided after the filing of the motion, the court must order the offending party "to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Cambridge Elecs. Corp. v. MGA Elecs., Inc., 227 F.R.D. 313, 321 (C.D. Cal. 2004).

Defendants contend that Plaintiff Tuggle's response to the request for production of documents was to simply cut and paste the same response to each of the nineteen separate requests.  Defendants argue that while the response might be appropriate to request for production no. 1, it is completely nonresponsive to the remaining requests.  Defendants state that it is evident from the responses to the request for production of documents that Plaintiff did not exercise any diligence but simply panicked and provided inadequate responses after being alerted to their noncompliance.  Plaintiff Tuggle did not address the adequacy of the responses to the request for production.

Although Defendants state that the supplemental responses to the request for production remains inadequate they do not point to any specific deficiency in the response.  Based upon review of the amended response, Plaintiff Tuggle has now provided some responsive documents.  Absent any specific argument and citation to specific responses, the Court declines to review the

adequacy of the amended response to the request for production.

**D.      Request for Sanctions**

Defendants seek both terminating sanctions and monetary sanctions for the costs of bringing the instant motion.  Defendants argue that terminating sanctions are appropriate given Plaintiff Ware and Tuggle have failed to comply with the Court's order compelling discovery.  Further, Defendants contend that lesser sanctions have been ineffective as the Court has imposed monetary sanctions, but Plaintiffs' responses were late and inadequate.

Plaintiffs Tuggle and Ware respond that they have not engaged in willful noncompliance of the Court's order nor have they engaged in bad faith regarding their discovery obligations.  Plaintiffs contend that they have now provided discovery responses as well as having paid the monetary sanctions previously imposed.

Defendants argue that Plaintiffs Tuggle and Ware ignore the fact that they failed to timely comply with the order requiring discovery responses to be paid by March 16, 2021, and that monetary sanctions be paid by March 26, 2021.  Further, Defendants contend that they reached out to meet and confer regarding Plaintiffs' noncompliance and the hastily complied discovery responses were inadequate.  Defendants offered a further extension to provide compliant discovery responses.  Finally, Defendants argue that while Plaintiffs Tuggle and Ware asserted that the responses were served at roughly the same time as the instant motion was filed, it was a full week later before the responses were served and they continue to be inadequate.

1.      Terminating Sanctions

Rule 37 provides that if a party fails to obey an order to provide discovery, "the Court may issue further just orders" including "dismissing the action or proceeding in whole or in part[.]"  Fed. R. Civ. P. 37(b)(2)(A).  In the context of Rule 37(b) sanctions, the term "order" under Rule 37(a) is "read broadly."  Sali, 884 F.3d 1218.  "Both the advisory committee notes and case law suggest that Rule 37's 'requirement for an 'order' should ... include any order relating to discovery.' "  Id. (citing Halaco Eng'g Co. v. Costle, 843 F.2d 376, 379 (9th Cir. 1988) and Fed. R. Civ. P. 37(b) advisory committee's note to 1970 amendment ("The scope of Rule 37(b)(2) is broadened by extending it to include any order 'to provide or permit

discovery'....  Various rules authorize orders for discovery....  Rule 37(b)(2) should provide comprehensively for enforcement of all these orders.").

In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted); accord Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action.   In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226. Defendant argues that these factors all weigh in favor of dismissal with prejudice.  Plaintiffs Tuggle and Ware counter that less drastic sanctions remain available and they have not engaged in willful disobedience of the Court's order to justify dismissal.

### a. Public's Interest in Expeditious Litigation and Court's Need to Manage Docket

Defendants argue that Plaintiffs Tuggle and Ware have done little if anything to prosecute this case since it was filed in October 2019.  Further, Defendants contend that the Court is incredibly burdened with an extraordinary number of criminal cases and the Court can hardly afford to carry civil cases that are not being actively litigated.  Plaintiffs Tuggle and Ware counter that they have attempted to comply with their discovery obligations by providing discovery responses.  Further, they contend that they have now served discovery requests and are in the process of issuing deposition notices to the defendant officers.

The Court finds that the record supports Defendants' contention that Plaintiffs Tuggle and Ware have done little to this point to prosecute this action.  Specifically, Plaintiffs Tuggle and Ware did not respond to Defendants' discovery requests necessitating the motion to compel. The order granting the motion to compel required Plaintiffs Tuggle and Ware to serve the discovery responses within twenty days of February 26, 2021 and to pay sanctions within thirty

days of February 26, 2021. Plaintiffs did not comply with the February 26, 2021 order.

Plaintiffs' failure to comply in this matter has unnecessarily required the Court to devote time and resources on this action which could have been devoted to other cases on the Court's docket. <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 642 (9th Cir. 2002). Plaintiffs failed to timely serve the discovery requests and pay the sanctions as required by the February 26, 2021 order. When they finally did serve responses, the responses served and the amended responses were inadequate. Given Plaintiffs' failure to obey the orders of the court and the noncompliant discovery responses, the Court finds that the public interest and the Court's need to manage its docket weigh in favor of dismissal of this action.

**b.** **<u>Risk of Prejudice to Defendants</u>**

Defendants argue that the risk of prejudice due to Plaintiffs' complete failure to cooperate weighs in favor of dismissal. "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." <u>Adriana Int'l Corp. v. Thoeren</u>, 913 F.2d 1406, 1412 (9th Cir. 1990).

While Plaintiffs failed to comply with the deadlines in the February 26, 2021 order, Plaintiffs Tuggle and Ware have now served discovery responses. The Court does not find that there has been a complete failure to cooperate such that Defendants' ability to investigate the claims has been frustrated. Discovery in this action remains open until November 21, 2021, and there remains an additional six months to conduct discovery. At this time, Plaintiffs Tuggle and Ware have served interrogatory responses, albeit lacking in specific detail, and have served discovery on Defendants.

The Court finds that the risk of prejudice to Defendants weighs against dismissal of this action at this time.

**c.** **<u>Policy Favoring Disposition on the Merits</u>**

Defendants argues that this factor tips in their favor because Plaintiffs Tuggle and Ware have done little to advance this objective and their blatant disregard for discovery and the Court's order inhibits Defendants' ability to obtain a fair trial.

Plaintiffs Tuggle and Ware argue that they have made a good faith effort to comply with

their discovery obligations.  However, the evidence before the Court contradicts this assertion.  First, Plaintiffs Tuggle and Ware were ordered to serve discovery responses within twenty days of February 26, 2021 and to pay sanctions within thirty days of February 26, 2021 and failed to do so.

Second, the Court finds it concerning that Plaintiffs Tuggle and Ware assert that supplemental responses were served at roughly the same time as the motion to compel was filed.  (Decl. of Stanley Goff, ¶ 11, ECF No. 34-1).  The responses were not served until seven days after the filing of the motion to compel .  (ECF No. 37-1.)  The attempt to downplay Plaintiffs Tuggle and Ware's noncompliance and mislead the Court as to the timing of the amended response supports a finding of bad faith.

Lastly, review of the discovery responses demonstrates that Plaintiffs Tuggle and Ware did not make a good faith effort to respond to the specific requests.  Such conduct would support a finding of willful disobedience of the Court's orders and Plaintiffs' discovery obligations.  Jorgesen v.Cassiday, 320 F.3d 906, 912 (9th Cir. 2003) (quoting Hyde & Drath v. Baker, 24 F.3d 1162, 1167 (9th Cir. 1994)) ("Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault."); see also Fair Hous. of Marin v. Combs, 285 F.3d 899, 905 (9th Cir. 2002) (misrepresentation that responsive documents did not exist).

In this instance, although there are concerns regarding Plaintiffs Tuggle and Ware's compliance with the Court's order and their discovery responses, the Court is mindful of the policy favoring resolution of disputes on the merits, and that courts will impose lesser sanctions and afford plaintiffs ample opportunity to correct the deficiencies in their discovery responses before granting dismissal.  Payne v. Exxon Corp., 121 F.3d 503, 506 (9th Cir. 1997).

At this time, although a close call, the Court finds that the policy favoring resolution of cases on the merits weighs against dismissal of this action.

**d.    Availability of Lesser Sanctions**

Defendants argue that it is clear that monetary sanctions and lesser sanctions are inadequate.  Defendants contend that despite the order requiring Plaintiffs Tuggle and Ware to

respond and pay monetary sanctions, they did not timely comply with the order and, after the failure to comply was brought to their attention, they provided woefully inadequate discovery responses. Defendants assert that it is undisputed that Plaintiffs Tuggle and Ware were aware and capable of complying with the order, but simply chose to ignore their obligations. Further, Defendants argue that even after being reminded of their noncompliance they continue to ignore their discovery obligations by serving untimely non-responses.

Plaintiffs Tuggle and Ware counter that the Court has the availability to impose less drastic sanctions, such as monetary sanctions, striking some of the pleadings, or preventing the use of certain evidence. Plaintiffs contend that because they have made a good faith attempt to respond and have now paid the previously ordered sanctions that no sanctions are warranted.

Rule 37(b) "provides a wide range of sanctions for a party's failure to comply with court discovery orders." Campidoglio LLC v. Wells Fargo & Co., 870 F.3d 963, 975 (9th Cir. 2017). The Court has considered whether there are other sanctions available that would address Plaintiffs Tuggle and Ware's failure to comply. The sanctions available under Rule 37(b) "run the entire gamut, from ordering the 'disobedient party' to pay 'attorney's fees' to "treating as contempt of court the failure to obey any order.' " Infanzon v. Allstate Ins. Co., 335 F.R.D. 305, 313 (C.D. Cal. 2020) (quoting Fed. R. Civ. P. 37(b)(2)(A), (C)). "Willfulness, fault[,] or bad faith is not required for the imposition of monetary sanctions under" this rule. Infanzon, 335 F.R.D. at 313. "When sanctions are warranted, the Court must determine the appropriate level or severity of sanctions based on the circumstances of the case." Jensen v. BMW of N. Am., LLC, 331 F.R.D. 384, 386 (S.D. Cal. 2019) (quoting Daniels v. Jenson, No. 2:11-CV-00298-JCM, 2013 WL 1332248, at *2 (D. Nev. Mar. 11, 2013)).

The Court has previously imposed sanctions in the manner of costs for Plaintiffs Tuggle and Ware's failure to comply with their discovery obligations under Rule 37(a). Although Plaintiffs Tuggle and Ware served untimely and inadequate discovery responses, at this time, the Court does not find that a terminating sanction would be the proportionate sanction for the conduct at issue. Plaintiffs Tuggle and Ware did serve responses and amended responses that addressed some of the inadequacies identified by Defendants.

The Court shall order the parties to meet and confer on any additional discovery responses that Defendants contend are inadequate and Plaintiffs Tuggle and Ware shall be ordered to supplement their discovery responses to address the deficiencies identified above. Given that the Court is ordering Plaintiffs Tuggle and Ware to supplement their discovery responses, the Court finds that monetary sanctions will be appropriate to compensate Defendants for the cost of bringing this motion.

Accordingly, the Court finds that lesser sanctions remain available at this time to address Plaintiff Tuggle and Ware's noncompliance. This factor weighs against the issuance of terminating sanctions.[3]

### e.    The Factors Weigh Against Terminating Sanctions at this Time

Although the public interest and the Court's need to manage its docket weigh in favor of terminating sanctions, the Court finds that the prejudice to defendants, the public policy in favor of resolution of cases on the merits, and the availability of lesser sanctions weigh against terminating sanctions at this time. Accordingly, the Court denies the motion for terminating sanctions against Plaintiffs Tuggle and Ware.

### f.    Monetary Sanctions

Defendants seek monetary sanctions of $2,350.00 to recover the costs of bringing the instant motion. Although Plaintiffs Tuggle and Ware argue that no sanctions should issue, Rule 37 provides that "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). While Plaintiffs Tuggle and Ware contend that the instant motion

---

[3] Plaintiffs Tuggle and Ware argue that they have not been previously warned that terminating sanctions would be imposed if they did not comply with the Court's order. However, the February 26, 2021 order granting Defendants' motion to compel specifically stated, "Plaintiffs are advised that the failure to comply with this order may result in the issuance of sanctions, up to and including dismissal of this action." (ECF No. 28 at 12 (emphasis in original).) A court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Malone v. United States Postal Serv., 833 F.2d 128, 132-33 (9th Cir. 1987); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986). Here, Plaintiffs Tuggle and Ware have had sufficient notice that the failure to comply will result in dismissal of this action. Any further such noncompliance will likely shift the balance in favor of a terminating sanction.

was not necessary as they were preparing their discovery responses, such responses were not served until a week after the instant motion was filed. The "belated compliance with discovery orders does not preclude the imposition of sanctions." <u>Fair Hous. of Marin</u>, 285 F.3d at 906 (quoting <u>Nat'l Hockey League v. Metro. Hockey Club, Inc.</u>, 427 U.S. 639, 643 (1976) and <u>G–K Props. v. Redevelopment Agency of the City of San Jose</u>, 577 F.2d 645, 647–48 (9th Cir. 1978)). The last-minute tender of the discovery responses "does not cure the prejudice to opponents nor does it restore to other litigants on a crowded docket the opportunity to use the courts." <u>Fair Hous. of Marin</u>, 285 F.3d at 906 (quoting <u>G–K Properties</u>, 577 F.2d at 647–48). Here, it is undisputed that Plaintiffs Tuggle and Ware did not serve their discovery responses in compliance with the February 26, 2021 order and the amended responses were not served until seven days after the instant motion was filed.

Plaintiffs have not presented any persuasive argument that the failure to comply was substantially justified or that the imposition of such sanctions would be unjust. Accordingly, the Court shall grant Defendants motion for monetary sanctions.

In determining if the amount requested is reasonable courts use the lodestar method which multiplies the number of hours reasonably expended by counsel by the reasonable hourly rate. <u>Gonzalez v. City of Maywood</u>, 729 F.3d 1196, 1202 (9th Cir. 2013); <u>Camacho v. Bridgeport Fin., Inc.</u>, 523 F.3d 973, 978 (9th Cir. 2008); <u>Infanzon</u>, 335 F.R.D. at 314.

Mr. Praet seeks 7 hours for time spent emailing and telephone calls with Plaintiff's counsel during April 2021, legal research, and drafting the motion to compel (Praet Decl. ¶ 6.) He seeks an additional 3.5 hours for reviewing the opposition, conducting research, and drafting the reply. (May 3, 2021 Decl. of Bruce Praet, ¶ 3, ECF No. 37.) The Court finds that 10.5 hours was reasonably expended by counsel in bringing the instant motion.

As the Court has previously found, the rate of $235.00 per hour for the services of Mr. Praet is reasonable given his experience. (<u>See</u> ECF No. 28 at 11.)

Attorney fees in the amount of $2,467.50[4] shall be awarded to Defendants for the costs

---

[4] 10.5 hours x $235.00 = 2,467.50.

incurred due to Plaintiffs Tuggle and Ware's failure to comply with the February 26, 2021 order granting Defendants' motion to compel and inadequate responses to the discovery requests.

## IV.

## CONCLUSION AND ORDER

Based on the foregoing, the Court finds that Plaintiffs Tuggle and Ware have failed to comply with the Court's February 26, 2021 order granting Defendants motion to compel and their late discovery responses and amended discovery responses were inadequate. Consideration of the factors for terminating sanctions weigh against the imposition of terminating sanctions. However, the Court finds that monetary sanctions are appropriate for Plaintiff Tuggle and Ware's noncompliance with their discovery obligations and the Court's order.

Accordingly, IT IS HEREBY ORDERED that:

1. The June 2, 2021 hearing on Defendants motion for sanctions is VACATED;

2. Defendants' motion to compel discovery and for sanctions against Plaintiffs Tuggle and Ware is GRANTED IN PART AND DENIED IN PART as follows:

   a. Defendants' motion for terminating sanctions is DENIED;

   b. Defendants' motion for monetary sanctions is GRANTED;

3. Within **five (5) days** of the date of entry of this order, the parties shall meet and confer regarding Plaintiffs Tuggle and Ware's responses to interrogatories and Plaintiff Tuggle's response to the request for production of documents;

4. Within **ten (10) days** of the date of entry of this order, Plaintiffs Tuggle and Ware shall serve a verification for all discovery responses served on Defendants to date to the extent that they have not already done so;

5. Within **twenty (20) days** of the date of entry of this order, Plaintiffs Tuggle and Ware shall serve **verified** amended responses to the interrogatories and Plaintiff Tuggle shall serve a **verified** amended response to the request for production of documents;

6. Within **thirty (30) days** of the date of entry of this order, Plaintiffs Tuggle and Ware shall pay costs of $2,467.50 to Ferguson, Praet & Sherman, 1631 East 18th

Street, Santa Ana, California 92705, attorney for Defendants; and

7. **Plaintiffs Tuggle and Ware are advised that the failure to comply with this order will result in the issuance of sanctions, up to and including dismissal of this action.**

IT IS SO ORDERED.

Dated:   **May 19, 2021**

_____
UNITED STATES MAGISTRATE JUDGE