# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LETITIA TUGGLE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF TULARE, et al.,<br><br>    Defendants. | Case No. 1:19-cv-01525-NONE-SAB<br><br>ORDER GRANTING STIPULATED REQUEST TO ALLOW PLAINTIFF ROSA CUEVAS TO FILE AMENDED COMPLAINT<br><br>(ECF Nos. 46, 49) |

On July 15, 2021, the parties filed a stipulation allowing for Plaintiff Rosa Cuevas ("Cuevas") to file a second amended complaint. (ECF No. 46.) On July 16, 2021, the Court ordered Cuevas to file a supplement addressing the requirements for amending after the deadline as stated in the Court's scheduling order, and specifically the requirements under Federal Rules of Civil Procedure 15(a) & 16(b). (ECF No. 47.) The Court finds Cuevas' supplement provides sufficient information to grant the stipulated request.

Once a district court has entered a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 setting a deadline for amending pleadings, the district court is to first apply Rule 16's standard for amending the scheduling order if the deadline to amend has passed. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607–08 (9th Cir. 1992); United States ex rel. Terry v. Wasatch Advantage Grp., LLC, 327 F.R.D. 395, 403 (E.D. Cal. 2018). If the party seeking amendment can satisfy the good cause standard of Rule 16(b), the district court then must determine whether the moving party has satisfied the requirements of Rule 15(a). Wasatch

Advantage Grp., LLC, 327 F.R.D. at 403-04.  Here, the Court finds that Cuevas has demonstrated good cause exists to modify the scheduling order based on the fact that new counsel has entered the case and has diligently working through new discovery and working with the client, in determining the need for amendment.  (ECF No. 49 at 2-3.)

Having found that good cause exists to modify the scheduling order under Rule 16, Plaintiff must then satisfy the standards under Federal Rule of Civil Procedure 15(a).  Wasatch Advantage Grp., LLC, 327 F.R.D. at 403-04.  "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.' "  Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  Leave to amend under Rule 15 is "within the sound discretion of the trial court," and "[i]n exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities."  United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).  The Court finds that leave to amend should be granted under Rule 15 based on the proffer by new counsel regarding the propriety of amendment and the agreement of all parties in this action.  (ECF No. 49 at 3-4.)

Pursuant to the stipulation of the parties and good cause presented, IT IS HEREBY ORDERED that:

1. Plaintiff Cuevas is granted leave to file a second amended complaint;
2. Plaintiff Cuevas shall file a second amended complaint within **five (5) days** of entry of this order; and
3. Defendants shall file a responsive pleading within **fourteen (14) days** of the filing of the second amended complaint.

IT IS SO ORDERED.

Dated:   **July 20, 2021**

UNITED STATES MAGISTRATE JUDGE